UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENNIS DONNELL CHATMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1944** |
| **CORRECT HEALTH ST. TAMMANY, L.L.C., ET AL.** | **SECTION: "J"(5)** |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is the Motion to Dismiss Pursuant to FRCP 12(b)(6) for Failure to State a Claim (rec. doc. 9) filed by Defendants CorrectHealth St. Tammany, L.L.C.[1] ("CorrectHealth") and Dr. Samuel Gore ("Gore") (collectively, "Defendants"). Plaintiff has filed no opposition to the motion. Having reviewed the motion and the case law, the Court finds as follows.

**I.  Background**

On August 5, 2024, *pro se* Plaintiff, Dennis Donnell Chatman, filed this lawsuit under 42 U.S.C. § 1983 against multiple Defendants, two of whom are CorrectHealth, a medical contractor at St. Tammany Parish Jail; and Gore, a physician at CorrectHealth. In the lawsuit, Plaintiff alleges that he received inadequate medical care at St. Tammany Parish Jail for injuries he suffered from a slip and fall that occurred in the jail. (Rec. doc. 1 at 4). Specifically, he alleges, in relevant part:

> After Plaintiff fell, he laid on the ground due to the excruciating pain until medical staff brought him a wheelchair and wheeled him to medical. At this point he was seen by Unknown Female Nurse, who was very irate with Plaintiff, and refused to follow protocol for broken bones and she exclaimed to him that there was no possibility that he had sustained damage to his skeletal system. She proceeded to give Plaintiff Tylenol . . . March 28, 2024, x-rays were

---

[1] CorrectHealth St. Tammany, L.L.C. was incorrectly named as "CorrectHealth Solutions" in the original Complaint. (Rec. doc. 1).

> performed on Plaintiff, which revealed his fractured collarbone on the right side. In May of 2024, Plaintiff had an unrelated appointment in relation to his hypertension. At this appointment with Dr. Samuel Gore, he complained about the excruciating pain emanating from his untreated broken collarbone. Dr. Gore responded to the Plaintiff by informing him that his collarbone was "no longer fractured" but he refused to let the Plaintiff see the x-ray photos, claiming that Plaintiff would have to pay ten dollars to see them. Plaintiff, however, is indigent. Dr. Gore proceeded to deny his request for an arm sling. Plaintiff deals with extreme chronic pain each day. His requests for medical assistance have been denied, and very little is being done to control the pain. Also, Plaintiff has previously been directed to physical therapy in his shoulder an unrelated injury, however jail stuff will not allow him this treatment either.

(*Id.* at 4-6). Attached to Plaintiff's Complaint are St. Tammany Parish Sheriff's Office's Response to Inmate Grievance and Sheriff Review Decision, stating that Plaintiff was seen in medical on four separate occasions in connection with his fall. (Rec. doc. 1-1 at 4-5). During those visits to medical, Plaintiff received x-rays to the left wrist, right shoulder, and spine, revealing no fractures, and was treated with Tylenol, Ibuprofen, and Mobic. (*Id.*). Furthermore, Plaintiff is routinely examined pursuant to a chronic care plan that includes treatment related to complaints of shoulder pain resulting from a pre-incarceration rotator-cuff surgery that was not properly rehabilitated with physical therapy. (*Id.*).

## II.     Standard on Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading

standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *See Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. *Id.* at 502-03 (citing *Iqbal*, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557). "[A] plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). If the Court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Phoenix on behalf of S.W. v. Lafourche Par. Gov't*, No. CV 19-13004, 2021 WL 184909, at *3-4 (E.D. La. Jan. 19, 2021); *see also* Fed. R. Civ. P. 12(d).

### III. Law and Analysis

42 U.S.C. § 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law. It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Because Section 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted). To plead a Section 1983 claim, a plaintiff must allege facts that demonstrate:

>    (1) the deprivation of a right secured by the U.S. Constitution or federal law,
>
>    (2) that occurred under color of state law, and
>
>    (3) was caused by a state actor.

*Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

Construing Plaintiff's Complaint liberally – as it must[2] – this Court finds that Plaintiff asserts a claim for deliberate indifference to his serious medical needs by Defendants. In *Estelle v. Gamble*, the Supreme Court described the nature of this type of claim:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.
>     In order to state a cognizable claim, *a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs*.

429 U.S. 97, 105-06 (1976) (emphasis added) (quotations omitted). When a plaintiff sues a jail official in his or her individual capacity, that official may only be held liable under Section 1983 if he or she acted with subjective deliberate indifference. *See Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995). Deliberate indifference "is an extremely high standard to meet[,]" *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985), and requires facts that demonstrate that the defendant "refused to treat [Plaintiff], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).

---

[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Fifth Circuit has held that medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.  *Bejaran v. Cruz*, 79 F. App'x 73, 74 (5th Cir. 2003) (stating that "Bejaran's admission in his complaint that the prison medical staff took x-rays of his back and . . . gave him 'generic,' 'mild medications' refute his assertion of deliberate indifference to his medical needs"); *Gobert v. Caldwell*, 463 F.3d 339, (5th Cir. 2006) (quoting *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("'Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.'")).

As noted above, Plaintiff's Complaint and attachments thereto state that St. Tammany Parish Jail addressed Plaintiff's medical concerns; Plaintiff received medical examinations, medications, and diagnoses in connection with his fall and related pain.  (Rec. doc. 1, 1-1). Following his fall, he was wheeled to medical where he was examined and given Tylenol. (Rec. doc. 1 at 4-6).  In total, Plaintiff was seen in medical four separate times in connection with his fall, wherein he received x-rays to his left wrist, right shoulder, and spine and was treated with Tylenol, Ibuprofen, and Mobic.  (Rec. doc. 1-1 at 4).  The x-rays did not reveal any factures to the collarbone or elsewhere.  (*Id.*)  Furthermore, Plaintiff is routinely examined and receives treatment for a pre-existing shoulder pain resulting from a pre-incarceration surgery that was not properly rehabilitated.  (*Id.* at 5).  In short, Plaintiff's Complaint and attachments thereto rebut any allegations of deliberate indifference on the part of Defendants.

Again, construing Plaintiff's Complaint liberally, the Court finds that he may also attempt to state a claim that the resolutions of his grievances were unsatisfactory.  It is, however, well established that a prisoner has no protected liberty interest in either the

adequacy or the result of prison administrative grievance procedures. *Smith v. Horton*, 670 F. App'x 872, 873 (5th Cir. 2016) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Eason v. Thaler*, 73 F.3d 1322, 1325-26 (5th Cir. 1996)). The Fifth Circuit has many times held that a prisoner does not have a constitutionally protected interest in having his grievances resolved to his satisfaction. *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)). The Court thus concludes that Plaintiff has failed to state a claim for deliberate indifference to his serious medical needs and/or the satisfactory resolutions of his grievances and cannot prevail under this Court's and the Fifth Circuit's case law.

## IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss Pursuant to FRCP 12(b)(6) for Failure to State a Claim (rec. doc. 9) filed by Defendants CorrectHealth St. Tammany, L.L.C., and Dr. Samuel Gore be **GRANTED**.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __6th__ day of __November__, 2024.

_____
**MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE**