UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DENNIS DONNELL CHATMAN**                                              **CIVIL ACTION**

**VERSUS**                                                                            **NO. 24-1944**

**CORRECTHEALTH ST. TAMMANY,**                              **SECTION: "J"(5)**
**L.L.C., ET AL.**

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is the Motion to Dismiss Pursuant to FRCP 12(b)(6) for Failure to State a Claim (rec. doc. 10) filed by Sheriff Randy Smith ("Smith") and Warden Daniel Fleischman ("Fleischman") (collectively, "Defendants"), each in their individual and official capacities. Plaintiff Dennis Donnell Chatman has filed no opposition to the motion. Having reviewed the motion and the case law, the Court rules as follows.

**I.    Background**

On August 5, 2024, *pro se* Plaintiff Dennis Donnell Chatman filed this lawsuit under 42 U.S.C. § 1983 against multiple Defendants, two of whom are Smith, Sheriff of St. Tammany Parish, Louisiana; and Fleischman, Warden of St. Tammany Parish Jail. In the lawsuit, Plaintiff alleges that he received inadequate medical care at St. Tammany Parish Jail for injuries he suffered from a slip and fall that occurred in the jail. (Rec. doc. 1 at 4). Specifically, he alleges, in relevant part:

> After Plaintiff fell, he laid on the ground due to the excruciating pain until medical staff brought him a wheelchair and wheeled him to medical. At this point he was seen by Unknown Female Nurse, who was very irate with Plaintiff, and refused to follow protocol for broken bones and she exclaimed to him that there was no possibility that he had sustained damage to his skeletal system. She proceeded to give Plaintiff Tylenol . . . March 28, 2024, x-rays were performed on Plaintiff, which revealed his fractured collarbone on the right side. In May of 2024, Plaintiff had an unrelated appointment in relation to his hypertension. At this appointment with Dr. Samuel Gore, he

> complained about the excruciating pain emanating from his untreated broken collarbone. Dr. Gore responded to the Plaintiff by informing him that his collarbone was "no longer fractured" but he refused to let the Plaintiff see the x-ray photos, claiming that Plaintiff would have to pay ten dollars to see them. Plaintiff, however, is indigent. Dr. Gore proceeded to deny his request for an arm sling. Plaintiff deals with extreme chronic pain each day. His requests for medical assistance have been denied, and very little is being done to control the pain. Also, Plaintiff has previously been directed to physical therapy in his shoulder an unrelated injury, however jail staff will not allow him this treatment either. Warden Daniel Fleischman is culpable for deliberate indifference as he responded to Plaintiff's grievance form with an unfounded finding and denying help. Sheriff Randy Smith is culpable for the same reason.

(*Id.* at 4-6). Attached to Plaintiff's Complaint are St. Tammany Parish Sheriff's Office's Response to Inmate Grievance and Sheriff Review Decision, stating that Plaintiff was seen in medical on four separate occasions in connection with his fall. (Rec. doc. 1-1 at 4-5). During those visits to medical, Plaintiff received x-rays to the left wrist, right shoulder, and spine, revealing no fractures, and was treated with Tylenol, Ibuprofen, and Mobic. (*Id.*). Furthermore, Plaintiff is routinely examined pursuant to a chronic care plan which includes treatment related to complaints of shoulder pain resulting from a pre-incarceration rotator-cuff surgery that was not properly rehabilitated with physical therapy. (*Id.*).

Communications between Plaintiff and Smith include the Sheriff Review Decision of his grievance. (Rec. doc. 1-1 at 5). Plaintiff did not attach any grievance to or response from Fleischman to his Complaint.

## II. Standard on Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ.*

2

*Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *See Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. *Id.* at 502-03 (citing *Iqbal*, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). If the Court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Phoenix on behalf of S.W. v. Lafourche Par. Gov't*, No. CV 19-13004, 2021 WL 184909, at *3-4 (E.D. La. Jan. 19, 2021); *see also* Fed. R. Civ. P. 12(d).

### III. Law and Analysis

#### A. Section 1983

42 U.S.C. § 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law. It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Because Section 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted). To plead a Section 1983 claim, a plaintiff must allege facts that demonstrate:

(1) the deprivation of a right secured by the U.S. Constitution or federal law,

(2) that occurred under color of state law, and

(3) was caused by a state actor.

*Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

Section 1983 claims can be brought against a public official in his or her individual or official capacity. *Hafer v. Melo*, 502 U.S. 21, 23 (1991). Here, Plaintiff is suing Smith and Fleishman both in their individual and official capacities. (Rec. doc. 1 at 1).

### B. Individual-Capacity Claims

To succeed in an individual-capacity Section 1983 claim, it has long been held that "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976) (noting that an affirmative link is necessary between injury and conduct of defendant)). Liability may be found only if there is personal involvement of the official being sued. *See Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980) (citing *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979)). In order to successfully plead a cause of action in a Section 1983 case, a plaintiff must enunciate a set of facts that

5

illustrate the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). In addition, any alleged violation must be intentional. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").

There is no allegation that Smith or Fleischman had any involvement in the medical treatment administered to Plaintiff. As noted above, Plaintiff asserts "Warden Daniel Fleischman is culpable for deliberate indifference as he responded to Plaintiff's grievance form with an unfounded finding and denying help. Sheriff Randy Smith is culpable for the same reason." (Rec. doc. 1 at 6). However, Plaintiff failed to attach any communications to or from Fleischman to his Complaint, and received only a Sheriff Review Decision from Smith detailing the medical treatment he received in response to his fall. Plaintiff's Complaint fails to allege any personal involvement whatsoever by these defendants in the acts or omissions relating to his medical care following his fall.

Construing Plaintiff's Complaint liberally, he may mean to assert that Defendants did not take action in his favor on review of his administrative grievance complaint. However, Defendants may not be held liable under Section 1983 for responding to his grievance or denying him relief in that proceeding. *Jackson v. Correct Care Sols.,* No. CV 24-1109, 2024 WL 3688382 at *3 (E.D. La. July 8, 2024) (finding Sheriff Smith and Warden Fleischman not liable under § 1983 when the only arguable assertion against them was that they did not take action in plaintiff's favor on review of his administrative grievance complaint). It is well-established that a prisoner has no protected liberty interest in either the adequacy or the result of prison administrative grievance procedures. *Smith v. Horton*, 670 F. App'x 872, 873 (5th Cir. 2016) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Eason v.*

6

*Thaler*, 73 F.3d 1322, 1325-26 (5th Cir. 1996)). The Court thus concludes that Plaintiff has failed to state a Section 1983 claim against Defendants in their individual capacities.

### C. Official-Capacity Claims

Notably, neither the Sheriff nor the Warden may be held responsible under a theory of *respondeat superior* under Section 1983, based on a claim that prison personnel under their supervision caused his injury. *Eason*, 73 F.3d at 1327; *accord Field v. Corr. Corp. of Am. Inc.*, 364 F. App'x 927, 929 (5th Cir. 2010). A supervisory official may be held liable for his subordinates' actions under Section 1983 only if the official implemented an unconstitutional policy that causally resulted in plaintiff's injury. *See Monell*, 436 U.S. at 691-95 (1978); *Thompson v. Johnson*, 348 F. App'x 919, 921 (5th Cir. 2009) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)). Plaintiff's Complaint does not allege that Smith or Fleischman implemented an unconstitutional policy and instead states only that they each responded to Plaintiff's grievance form with "an unfounded finding and denying help." *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (Supervisory officials "are not liable for the actions of subordinates on any theory of vicarious liability" and will only be liable if the official "implement[s] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.").

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Accordingly, an official-capacity claim against Smith or Fleischman would in reality be a claim against the local governmental body. *Jackson v. Correct Care Sols.,* 2024 WL 3688382 at *3. For such a claim, a plaintiff must identify a policy or custom that allegedly

7

caused the deprivation of his constitutional rights. *See Monell*, 436 U.S. at 691-95. Municipal liability under § 1983 requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights; and the policy must be the "moving force" behind the violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694); *see also White v. Texas*, No. 23-11190, 2024 WL 1826245, at *3 (5th Cir. Apr. 26, 2024).

Under a broad reading of Plaintiff's Complaints, he does not allege any policy of Smith, Fleischman, the Sheriff's Office, St. Tammany Parish Jail, or the Parish that was involved with his medical care or otherwise. Instead, Plaintiff alleges only that Defendants responded to his grievance with "an unfounded finding and denying help." (Rec. doc. 1 at 6). Furthermore, "Fleishman cannot be sued in his official capacity because he is not a policymaker." *McManus v. St. Tammany Par. Jail*, No. CV 21-1533, 2024 WL 1701937, at *5 (E.D. La. Apr. 19, 2024). For these reasons, any official-capacity claims against Defendants should be dismissed.[1]

### IV. Unknown Female Nurse

Plaintiff lists "Unknown Female Nurse" in her individual and official capacities as a Defendant. This claim is improper. A "[p]laintiff may not pursue claims against the unidentified medical personnel . . . A § 1983 action must be filed against an actual identified person." *Hill v. Strain*, Civ. Action No. 08-4768, 2010 WL 111062, at *3 (E.D. La. Jan. 11, 2010); *accord Champion v. Parkland Jail Health*, No. 3-09-CV-0689, 2009 WL 1904816,

---

[1] Because the Court resolves the motion on these grounds, it need not address other issues, including qualified immunity.

at *2 (N.D. Tex. July 2, 2009) ("To the extent plaintiff wants to sue the unidentified nurses . . . the federal rules do not permit him to do so. Unless and until plaintiff is able to identify the nurses, the court cannot direct service on the proper defendants.").

Furthermore, Plaintiff has no claim against "Unknown Female Nurse" in her official capacity for the same reasons explained above, *i.e.*, there is no evidence of an unconstitutional policy. Similarly, there is no claim against in "Unknown Female Nurse" her individual capacity, as the standard for deliberate indifference is not satisfied for the reasons explained in rec. doc. 11. Accordingly, all claims against "Unknown Female Nurse" should be dismissed. *August v. Gusman*, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008) ("claims against . . . unidentified defendants fail to state a claim for which relief can be granted and are otherwise frivolous."). *see also Hill*, 2010 WL 111062, at *3.

## V. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss Pursuant to FRCP 12(b)(6) for Failure to State a Claim (rec. doc. 10) filed by Defendants Sheriff Randy Smith and Warden Daniel Fleischman be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against "Unknown Female Nurse" in her individual and official capacities be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_14th\_\_ day of \_\_\_\_\_November\_\_\_\_\_, 2024.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**